UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA W. HENKE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE WORD ORDER (IN-REM), *et al.*,<br><br>　　　　　Defendants. | **Case No. 1:15-cv-01470-LJO-EPG**<br><br>**ORDER DIRECTING PLAINTIFF TO COMPLETE HIS APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>(ECF No. 3) |

　　　　On September 28, 2015, Plaintiff Joshua Henke ("Plaintiff") filed a Complaint. (ECF No. 1.) On that same date, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") in lieu of paying the filing fee to commence an action in this Court. (ECF No. 3.)

　　　　A civil action may proceed despite a failure to prepay the entire filing fee only if the party initiating the action is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). In applying to proceed IFP, a plaintiff must submit an affidavit that "state[s] the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) ("The right to proceed in forma paupers is not an unqualified one. It is a privilege, rather than a right"); *United States v. Shadley*, No. 2:09-MC-80 WBS GGH, 2010 WL 2509910, at *1

1

(E.D. Cal. June 17, 2010) (denying request to proceed IFP where applicant "failed to adequately document her financial status"). Similarly, all "[a]ffidavits and certifications shall be signed by the person executing the document." Local Rule 131(b).

Plaintiff has not submitted a complete form to apply for IFP status. Instead, Plaintiff has typed out an affidavit listing some of his expenses and assets. Plaintiff explains that he did this because he lacks a stable internet connection and is thus unable to download the IFP application. Plaintiff also notes that he "will have a substantial change in financial standing," although it is unclear what change he anticipates or what this means. (ECF No. 3.) Before the Court can grant IFP status, Plaintiff must fill out an application to proceed without prepayment of fees.

Accordingly, the Clerk of Court is DIRECTED to serve a copy of form AO 240 (Application to Proceed in District Court Without Prepaying Fees or Costs) on Plaintiff. Plaintiff shall fully and accurately complete this application with the required information and file it with the Court no later than **November 23, 2015**. Plaintiff is advised that failure to comply with the Court's order may result in the denial of his application or dismissal of his case.

The Court also notes that Plaintiff has captioned the initial page of his Complaint "Contents To Be Filed Under Seal," but does not explain what he would like placed under seal or why it should be placed under seal. If Plaintiff would like particular documents within his case to be placed under seal, he is advised to review Local Rule 141 for instructions. The Clerk of Court is DIRECTED to serve a copy of Local Rule 141 on Plaintiff for his reference.

IT IS SO ORDERED.

Dated:   **October 30, 2015**                    /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE

2