# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA W. HENKE,<br><br>    Plaintiff,<br><br>    v.<br><br>THE WORD ORDER (IN-REM), *et al.*,<br><br>    Defendants. | **Case No. 1:15-cv-01470-LJO-GSA**<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>(ECF Nos. 3, 7) |

On September 28, 2015, Plaintiff Joshua Henke ("Plaintiff") filed a Complaint. (ECF Nos. 1, 2). On that same date, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") in lieu of paying the filing fee to commence an action in this Court. (ECF No. 3.) Because the application was incomplete, the Court issued an order directing Plaintiff to complete and re-submit the request to proceed IFP. (ECF No. 6). Plaintiff has done so and has now provided the requested information. (ECF No. 7.) Based on the newly submitted information, Plaintiff has made the required showing pursuant to 28 U.S.C. § 1915(a). Accordingly, the request to proceed *in forma pauperis* is GRANTED.

As to the status of his complaint, Plaintiff is advised that pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of every pro se complaint to determine

1

whether it is legally sufficient under the applicable pleading standards. The court must dismiss a complaint, or portion thereof, if the court determines that the complaint is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies in the complaint can be cured by amendment. Plaintiff's Complaint will be screened in due course.

     The Court also notes that Plaintiff has once again captioned his filing "Contents to be Filed Under Seal." As explained in the Court's order instructing Plaintiff to complete his application to proceed *in forma pauperis*, the Court will only place documents under seal if Plaintiff provides a basis for doing so in compliance with Local Rule 141 (a copy of which was previously served on Plaintiff). Plaintiff is thus advised that merely captioning his documents "Contents to be Filed Under Seal" is inadequate to provide a basis for sealing documents.

IT IS SO ORDERED.

    Dated:   **December 7, 2015**                    /s/ Erica P. Grosjean
                                                               UNITED STATES MAGISTRATE JUDGE