**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSHUA W. HENKE, | 15-cv-1470 LJO EPG |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND |
| THE WORLD ORDER, | ORDER DIRECTING THE CLERK OF THE COURT TO CLOSE THIS ACTION |
| Defendant. | |

**I.     INTRODUCTION**

     Plaintiff, Joshua W. Henke, ("Plaintiff") appearing *pro se* and *in forma pauperis*, filed a complaint and names "the World Order" as the Defendant.  (Doc. 1).  The complaint is incoherent but appears to summarize several of the Federal Rules of Civil Procedure.  Plaintiff does not articulate any causes of action, or request any relief.  Attached to the complaint is a Motion to Seal. (Doc.1). Upon a review of the pleadings, Plaintiff's complaint is dismissed without leave to amend, and Plaintiff's Motion to Seal is denied.

**II.     DISCUSSION**

    **a.     Legal Standard**

     Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the Complaint

1

to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the Complaint fails to state a claim, it must be dismissed. *Id.* Leave to amend may be granted to the extent that the deficiencies of the Complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Courts deem a complaint "frivolous" when it lacks "basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous where the litigant asserts "not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325.

To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice*." Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*. at 678.

To determine whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe *pro se pleadings* liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

b. **Analysis**

Here, Plaintiff's complaint merely summarizes several Federal Rules of Civil Procedure and fails to articulate any causes of action. Therefore, the complaint is frivolous under 1915(e)(2)(B) because it is devoid of factual support or arguable question of law, and appears

"fanciful," "fantastic," or "delusional." *See Neitzke*, 490 U.S. at 327-28.  No amendment will cure this deficiency.  Furthermore, Plaintiff's complaint contains no private or confidential information that would warrant sealing.

### III. Conclusion

Based on the above, Plaintiff's complaint is dismissed without leave to amend as it is frivolous and it fails to state a claim.  The Motion to Seal is also DENIED.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **December 18, 2015**              **/s/ Lawrence J. O'Neill**
                                            UNITED STATES DISTRICT JUDGE